**COTOFAN et, Appellants, v. STEINER, a. k. a., etc., Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24135. Decided August 15, 1957.

Snyder, Neff & Vintilla, for plaintiffs-appellants.
A. R. Fiorette, J. A. Pasquale, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District; GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

**OPINION**

By HUNSICKER, PJ.

This is an appeal on questions of law.

Eli and Mary Cotofan, appellants herein, husband and wife, were indebted to George Steiner, appellee herein. This debt was evidenced by a promissory note, secured by a mortgage on real property belonging to the Cotofans.

Mr. and Mrs. Cotofan borrowed from a bank sufficient money to pay the note to Mr. Steiner, but Mr. Steiner refused to accept the money.

The appellants, Cotofan, then filed an action in the Court of Common Pleas to determine their right to accelerate the payment of the note, and upon payment thereof to obtain the note and the canceled mortgage.

The trial court determined that payment of the note could be accelerated, and ordered that upon payment thereof the note should be returned to the Cotofans and that the mortgage deed should be canceled and discharged by Steiner.

This order of the trial court was entered on December 15, 1956, and a motion for a new trial was thereafter overruled on January 2, 1957.

On January 4, 1957, Steiner filed a notice of appeal on questions of law and fact.

On January 22, 1957, bond in the amount of $1,000 was filed with the clerk of courts in the principal case.

Thereafter (on January 29, 1957) a motion in contempt was filed in the Court of Common Pleas by the Cotofans, wherein they asked that Steiner be found guilty of violating the order issued with respect to a surrender of the note and cancellation of the mortgage.

Upon hearing, this contempt action was dismissed because the trial court determined it did not have jurisdiction in the premises. Appeal on questions of law was then lodged in this court.

The sole question in this appeal is: After notice of an appeal on questions of law and fact has been filed, and a proper bond duly filed in the trial court, does such court retain jurisdiction over a portion of the case for the purpose of enforcing orders made by such trial court?

In other words, Did the trial court lose jurisdiction when Steiner perfected his appeal on law and fact?

It should be again pointed out that the request for a citation in contempt was not filed until after all necessary jurisdictional steps had been taken by Steiner to remove the case for a trial de novo in the Court of Appeals.

In 3 O. Jur. 2d, Appellate Review, Sec. 353, the author, citing many sustaining authorities, says, with respect to appeals on law and fact:

"* * * A peculiar feature of appellate jurisdiction on such questions in Ohio is that unlike an appeal on questions of law which passes upon the record, and unlike an appeal to the Supreme Court of the United States and to appellate courts of some other states, an appeal on questions of law and fact in Ohio takes up the subject matter of the action where the court below took it up and proceeds in respect of pleadings, necessary parties in chancery, testimony, trial, and judgment as if the cause had never been tried below. It presents, as stated, a different situation from old error proceedings, and has a different effect; the perfecting of such an appeal removes the whole case to the appellate court, and it is there as it was before the lower court and is tried de novo."

The effect of perfecting an appeal on law and fact is to suspend the judgment of the trial court and to render inoperative the judgment of that court. Emery v. City of Toledo, 121 Oh St 257, at p. 265; Jenney,

Admr., v. Walker, 80 Oh St 100; State, ex rel. Gaddis, v. Industrial Comm., 133 Oh St 553, at p. 558; Union Trust Co. v. Lessovitz, 122 Oh St 406, at p. 416.

We have raised in this case a question as to the effect of §2505.18 R. C., which reads as follows:

"When an injunction is appealed from, it shall be suspended only by order of the court of appeals, or two judges thereof, on reasonable notice to the adverse party."

What, then, was the nature of the judgment from which this appeal was taken? We have examined and considered the judgment rendered by the trial court in the original action, and it has some of the aspects of a mandatory injunction. The operative effect of that order is as follows:

"It is, therefore, ordered, adjudged and decreed that plaintiffs shall pay to the defendant the sum of $22,321.08; that upon payment of said sum the defendant shall cancel the promissory note of these plaintiffs and shall execute a complete and full satisfaction and discharge of the mortgage deed of record; that in the event the defendant fails and refuses to abide by the order of this court to cancel and discharge the said mortgage deed, then the order of this court spread upon its journal shall operate as a complete and full satisfaction and discharge of the said mortgage deed."

If this order can be considered an injunction within the terms of §2505.18 R. C., we believe, under the rule announced in Menuez v. Grimes Candy Co., 77 Oh St 386, that the proceedings to enforce such injunction, after the appeal was perfected, should be prosecuted in the Court of Appeals.

In the Menuez case, supra, the court said:

"2. An appeal having been taken to the circuit court from a judgment of the common pleas granting a perpetual injunction, a subsequent violation of the decree should be punished as a contempt by the circuit court, the statute providing that notwithstanding the appeal the injunction shall continue in force until suspended by the circuit court or two judges thereof."

In the light of this case, which has not been overruled or modified by the Supreme Court of Ohio, this court must determine that, in such a situation as we have in this case, where a mandatory injunction is appealed on questions of law and fact, the trial court cannot, after the appeal is perfected, entertain a proceeding in contempt. See: Stewart. et al., v. O'Neil, 237 Fed. 897, at p. 904, et seq., 14 O. L. R. 553, at p. 563, et seq., for a review of Ohio authorities.

Annotations on the subject of the effect of an appeal from injunction upon the jurisdiction of the trial court to punish for contempt for its violation may be found in L. R. A. (N. S.) 1150; L. R. A. 1918F 794; and 93 A. L. R. 706 and 709. See also: 3 Am. Jur., Appeal and Error, Sec. 559, and 4 C. J. S., Appeal and Error, Sec. 622.

From our examination of these authorities, we find a great conflict of opinion. However, only a few states, among them Maryland, Kentucky and Florida, have statutes similar to the Ohio statute.

The judgment in this case must be affirmed.
Judgment affirmed.

DOYLE and GRIFFITH, JJ, concur.